UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

-vs-                                                      Case No.  6:92-cr-105-Orl-19

BARON ANTHONY EWING,

                Defendant.

_____

## ORDER

This case comes before the Court on the following:

1.      Motion for Modification of Sentence Pursuant to § 3582(c)(2) and Amendment Enacted by the Sentencing Commission and Given Retroactive Effect Under § 1B1.10 by Defendant Baron Anthony Ewing (Doc. No. 468, filed Feb. 29, 2008);

2.      Order Directing Response on Retroactive Application of Crack Cocaine Amendment (Doc. No. 469, filed Mar. 4, 2008);

3.      Response Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines by Defendant Ewing (Doc. No. 474, filed Apr. 24, 2008); and

4.      Response to Order Pursuant to 18 U.S.C. § 3582(c)(2) by the United States of America (Doc. No. 475, filed Apr. 25, 2008).

### Background

Defendant Baron Anthony Ewing was convicted by jury of the possession with intent to distribute in excess of 50 grams of cocaine base in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(iii).  (Judgment at pp. 1, 6, filed Apr. 30, 1993.)  Defendant was

found responsible for 56.3 grams of cocaine base (crack cocaine). (1993 PSR at p. 3, ¶ 9.)[1]

Defendant qualified as a career offender under United States Sentencing Guidelines Section 4B1.1

and was sentenced to a term of imprisonment of 360 months.  (*Id.* at p. 4, ¶ 17; Judgment at p. 2.)

In its March 4, 2008 Order, the Court directed the parties to file responses as to the

applicability of Guidelines Amendment 706 to Defendant Ewing.  (Doc. No. 469, filed Mar. 4,

2008.)  As the Court there explained, Amendment 706 lowered the base offense level for crack

cocaine offenses by two levels for eligible defendants. (*Id.* at p. 1.) Accordingly, Section 3582(c)(2)

of Title 18 of the United States Code permits the Court to modify a term of imprisonment based on

a sentencing range that has been lowered by this Amendment.

In its Response, the United States argues that the Court does not have jurisdiction to reduce

Defendant Ewing's sentence because "Amendment 706 does not have the effect of lowering the

sentence range under which the defendant was sentenced."  (Doc. No. 475 at p. 3, filed Apr. 25,

2008.)  The United States explains:

> The defendant was sentenced as a career offender, pursuant to USSG §4B1.1, based
> on his prior convictions for other drug trafficking and/or violent offenses.
> Accordingly, his base offense level was 37.  Because the defendant's offense level
> was controlled by Section 4B1.1 and not affected by the underlying offense level,
> Amendment 706, which changes offense levels under Section 2D1.1, has no bearing
> on the defendant's offense level.

(*Id.* (internal citations omitted).)

Defendant Ewing argues that his sentence was "based on" a sentencing range that has

subsequently been lowered by the Sentencing Commission because "[a]ll crack sentences are based

on the crack guideline's sentencing range because that range[] is the starting point of every sentence,

---

[1]     The Presentence Investigation Report on Defendant, dated January 28, 1993, will be
cited as "1993 PSR."

even if a defendant was subject to a Chapter 4 override." (Doc. No. 474 at p. 2, filed Apr. 24, 2008.) Accordingly, Defendant asserts, "the Court must determine whether it would have imposed a lower term of imprisonment had the amended sentencing range been in effect." (*Id.* at p. 3.)

## Analysis

Section 3582(c)(2) of Title 18 of the United States Code provides that a court may only modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Guidelines Section 1B1.10 clarifies: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2) (supp. Mar. 3, 2008); (*see also* Doc. No. 475 at pp. 3-4 (citing cases)).

Defendant is not eligible for a reduction under Amendment 706 because the Guidelines range applicable to him remains unchanged. Since Defendant was sentenced as a career offender, his sentencing range was that prescribed by Guidelines Section 4B1.1. (1993 PSR at p. 4, ¶¶ 17-20.) Defendant's status as a career offender was determined based on the requirements of Guidelines Section 4B1.1(a): Defendant was the requisite age at the time of the offense (18 years old); the offense for which he was being sentenced was a felony and a controlled substance offense; and Defendant's record included at least two prior felonies that were controlled substance offenses. (*Id.*) Amendment 706 has no effect on Defendant's status as a career offender; Defendant meets the definition of career offender regardless of the revisions to Guidelines Section 2D1.1.

Similarly, because Amendment 706 does not change Defendant's career offender status, it does not change the sentencing range applicable to him. Since Defendant was a career offender, his base offense level was determined by the statutory maximum for his offenses pursuant to Guidelines Section 4B1.1(b). (*Id.*) Defendant's offenses carried a statutory maximum of life imprisonment, and so his offense level was 37 under Guidelines Section 4B1.1(b)(A). (*Id.*) Defendant's criminal history category was VI. (*Id.* at p. 10, ¶ 31.) The Sentencing Table provides that the sentencing range for offense level 37 and criminal history category VI is 360 months to life imprisonment. U.S. Sentencing Guidelines Manual ch. 5, pt. A. Defendant was sentenced within this range to 360 months of imprisonment. (Judgment at p. 2.) Thus, none of the provisions relevant to calculating Defendant's sentence were affected by Amendment 706.

Defendant argues that his sentence was nevertheless "based on" a sentencing range that has been subsequently lowered under Section 3582(c)(2). (Doc. No. 474 at pp. 2-5.) However, this argument inaccurately summarizes the sentencing process. As explained by Judge Robreno in the Eastern District of Pennsylvania:

> Under the Guidelines, a court determines whether a defendant is a career offender and, if he is, calculates the sentence under § 4B1.1. The court may rely on the sentencing range prescribed for a defendant of a different criminal history category (in other words, the § 2D1.1 sentencing range), but only if the court determines that the criminal history category "substantially over-represents the seriousness of defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(b)(1). If the court concludes that the criminal history category accurately represents the defendant's characteristics, it never reaches the comparison between defendant's sentence under § 4B1.1 and the sentence that would apply if another criminal history category were used.

*United States v. Rivera*, 535 F. Supp. 2d 527, 530 (E.D. Pa. 2008).

When Defendant was sentenced, the Court declined to grant a downward departure in criminal history category. (Judgment at pp. 2, 4.) In other words, the Court concluded that category

VI and the career offender provision accurately represented Defendant's characteristics.  Therefore, the Court calculated a sentencing range based on Guidelines Section 4B1.1.  The sentencing range under Section 2D1.1 never became relevant because no downward departure was granted.[2]

Since Amendment 706 does not lower Defendant's applicable Guidelines range in this case, the Court does not have jurisdiction to reduce Defendant's sentence.[3]  Therefore, Defendant's Motion at Docket Number 468, filed February 29, 2008, is denied, and the Order at Docket Number 469, filed on March 4, 2008, is discharged.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 1, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2]    Judge Robreno also observed that even if a court considered what a career offender defendant's sentence would have been under Chapter Two of the Guidelines, it is unclear that a reduction would be authorized by Section 3582.  *Rivera*, 535 F. Supp. 2d at 530.  The statute provides authority for a reduction based on "an amendment reducing the applicable guidelines range."  *Id.*  It is not obvious that authority is provided by an amendment changing a guidelines range that is not applicable to the defendant but is considered for comparison purposes.  *Id.*; *see also United States v. Hankerson*, 224 F. App'x 900, 901 (11th Cir. 2007) ("Indeed, had [the defendant] been sentenced after the enactment of Amendment 591, his guideline range would have been the same.  Thus, [the defendant] was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and § 3582(c)(2) does not apply." (internal quotations omitted)).

[3]    While the Court may apply the Sentencing Guidelines in a discretionary manner at an *original* sentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005), nothing in United States Code Title 18, Section 3582(c)(2) gives the Court similar discretion to depart from the Guidelines in *resentencing*.  In any event, the Court declines to do so here.

-5-

Copies furnished to:
Counsel of Record